[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6 280843; CR6-280844.
 Linda Stamcozsky, Esq., Defense Counsel, for the Petitioner Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury defendant was convicted of two counts of sale of a narcotic substance (cocaine) in violation of General Statutes Section 21a-278b. He was sentenced to serve five years. On the second count he was sentenced to serve seven years consecutive to the sentence imposed in the first count. The total sentence imposed was twelve years. The evidence indicates that on August 25, 1987 petitioner sold cocaine to an undercover officer. Again on September 4, 1987 he sold cocaine to an undercover officer.
Petitioner's attorney stated that there was no violence involved; that there was no victim involved and the public was not at risk. The attorney also stressed that prison life was disruptive and petitioner had little opportunity for rehabilitation. Petitioner himself stated that he has learned his lesson and had tried to help himself while in prison.
Petitioner's attorney argued that the sentence imposed constituted cruel and unusual punishment. CT Page 8413
The state's attorney disputes the arguments of petitioner's attorney. He pointed out petitioner's past criminal record and argued that petitioner has elected to make money selling drugs.
The selling of drugs in violation of the law cannot be considered to be a victimless crime. This was recognized by the sentencing judge who stated that petitioner had elected drug sale as his life style and source of income.
The seriousness of the type of offense for which petitioner has been convicted was exemplified by the recent case of Allen v. Michigan, 59 LW 4839 (1991) in which the Supreme Court of the United States held that a life sentence without possibility of parole for possession of a quantity of cocaine was not cruel and unusual.
In this case it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offenses, the character of petitioner, the protection of the public interest and the deterrent and denunciatory purpose for which the sentence was intended.
Sentence affirmed
PURTILL, J. NORKO, J. STANLEY, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.